UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE CASTRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G.L.R. CONSTRUCTION, et al.,<br><br>　　　　　Defendants. | Case No.  5:15-cv-05492-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 17, 19, 36 |

## I. INTRODUCTION

Plaintiff Steve D. Castro ("Plaintiff") filed a three-page "Employment Discrimination Complaint" on November 30, 2015, against Defendants G.L.R. Construction, Silicon Valley Crane, Inc., Joe O. Alexander Builder, Inc. and Andrew Shin Law Firm, through which Plaintiff purportedly asserts claims for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. Dkt. No. 1. Two of the defendants, Silicon Valley Crane and Andrew Shin Law Firm, move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 17, 19. Silicon Valley Crane also moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), and Andrew Shin Law Firm has filed a motion to strike two proclaimed amended complaints filed by Plaintiff. Dkt. No. 36. For his part, Plaintiff filed a document on February 17, 2016, which the court has construed as his opposition to the dismissal motions. Dkt. No. 30.[1]

---

[1] Pursuant to Civil Local Rule 7-3(a), Plaintiff's opposition should have been filed and served no later than February 12, 2016. The court has nonetheless considered the opposition despite the untimely filing in light of Plaintiff's unrepresented status and because the court finds no prejudice

1

Case No.: 5:15-cv-05492-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. These matters are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for July 7, 2016, is VACATED. Because Plaintiff's complaint is inconsistent with the pleading standard that applies to civil cases, the motions to dismiss must be granted. The motion to strike will also be granted because the two amended complaints were not properly filed.

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court generally does not consider any material beyond the pleadings for a Rule

---

to the defendants from doing so. See Abassi v. INS, 305 F.3d 1028, 1032 (9th Cir. 2002). Plaintiff is notified, however, that he is expected to abide by all procedural rules in the future including those imposing filing deadlines. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986) (stating that a pro se party is "expected to abide by the rules of the court in which he litigates"). Future non-compliance may not be overlooked.

12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

### B.   Federal Rule of Civil Procedure 15

Amendments to pleadings are primarily governed by Federal Rule of Civil Procedure 15. Under Rule 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

"The law is clear that district courts have the inherent power to control their docket, and in the exercise of that power, they may properly strike improper documents." Zepeda v. Paypal, Inc., No. C 10-2500 SBA, 2013 U.S. Dist. LEXIS 69297, at *12-13, 2013 WL 2147410 (N.D. Cal. May 15, 2013).

## III.   DISCUSSION

### A.   Plaintiff Failed to Satisfy the Applicable Pleading Standard

As a threshold matter, the court has reviewed the "Employment Discrimination Complaint" in its entirety to determine whether the pleading is consistent with Rule 8. It is not.

"In order to establish a prima facie case of discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003). Here, the facts alleged in the Complaint - to the extent such facts are discernable - are not presented in a meaningful way such that Plaintiff has stated a claim under the relevant elements. Indeed, it appears Plaintiffs has utilized a publicly-available form complaint for discrimination claims arising under Title VII, but then failed to use its prompts to provide facts relevant to such claims. For example, although

3

Case No.: 5:15-cv-05492-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE

Section 5 of the Complaint requests that Plaintiff identify the type of discrimination he is asserting, Plaintiff did not place a mark next to any of the possible categories but instead provided bits of information on other topics. Plaintiff's opposition, which resembles the Complaint in both form and content, is similarly unhelpful in sorting out the factual allegations.

The result of this pleading style is a Complaint consisting only of incoherent, stream-of-consciousness laced sentences and phrases that are not clearly connected to the elements of a discrimination claim. That is not enough, and it impedes a review of the pleading on its substance. Although the federal rules allow for a flexible pleading policy, particularly with regard to a plaintiff appearing pro se, a complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Though Plaintiff's Complaint falls well outside this description, it is worth noting that even "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557) "'[N]aked assertions' devoid of 'further factual enhancements'" are similarly insufficient. Id. "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotations omitted). Plaintiff has missed this mark, even under a liberal reading of the Complaint.

Because Plaintiff has failed to allege sufficient facts to raise or present a cognizable legal theory, and because the Complaint is both confusing and rambling, the motions to dismiss will be granted and all of Plaintiffs claims will be dismissed. See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996).

### B.   The Amended Complaints will be Stricken

As noted, Plaintiff filed two documents on February 22, 2016, and February 24, 2016, which purport to be amended complaints. Dkt. Nos. 31, 35. Andrew Shin Law Firm moves to strike these documents because they were filed outside the time permitted for amendment as a

matter of course under Rule 15(a)(1), and without leave of court or the parties' agreement.

The motion to strike is well-taken. Once the motions to dismiss were filed on January 26, 2016, any amended complaint under Rule 15(a)(1) should have been filed on or before February 16, 2016. Plaintiff's amended complaints filed after that date are untimely and ineffective. They will therefore be stricken.

### IV. ORDER

Based on the foregoing, the motions to dismiss under Rule 12(b)(6) (Dkt. Nos. 17, 19) are GRANTED. All claims in the "Employment Discrimination Complaint" are DISMISSED WITH LEAVE TO AMEND.

The motion for more definite statement (Dkt. No. 17) is DENIED AS MOOT. The motion to strike (Dkt. No. 36) is GRANTED, and the amended complaints filed in violation of Rule 15 (Dkt. Nos. 31, 35) are STRICKEN.

Any amended complaint must be filed on or before **July 29, 2016**, and must be consistent with the discussion above. Plaintiff is advised that the court may dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the designated deadline.

**IT IS SO ORDERED.**

Dated: July 5, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-05492-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; GRANTING DEFENDANT'S MOTION TO STRIKE