UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEVE CASTRO,

    Plaintiff,

  v.

G.L.R. CONSTRUCTION, et al.,

    Defendants.

Case No.  5:15-cv-05492-EJD

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE, GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Re: Dkt. Nos. 49, 50, 55

## I. INTRODUCTION

On July 5, 2016, the court dismissed Plaintiff Steve D. Castro's original "Employment Discrimination Complaint" against Defendants G.L.R. Construction, Silicon Valley Crane, Inc., Joe O. Alexander Builder, Inc. and Andrew Shin Law Firm upon a finding that the form of the document was inconsistent with the pleading standard described by Federal Rule of Civil Procedure 8.  Dkt. No. 45.  Plaintiff was permitted leave to amend and filed an amended complaint on August 18, 2016, which seems to add several new defendants and claims to this action.  Dkt. No. 47.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  Presently before the court are three matters: (1) a motion to dismiss filed by Silicon Valley Crane (Dkt. No. 49), (2) a motion to dismiss filed by Andrew Shin Law Firm (Dkt. No. 50), and (3) a motion to strike filed by Andrew Shin Law Firm (Dkt. No. 55).  These matters are suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and will be granted for the reasons explained below.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

United States District Court
Northern District of California

United States District Court
Northern District of California

1   it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).

2   The factual allegations "must be enough to raise a right to relief above the speculative level" such

3   that the claim "is plausible on its face." Id. at 556-57.  A complaint that falls short of the Rule

4   8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R.

5   Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

6   cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v.

7   Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

8        When deciding whether to grant a motion to dismiss, the court must generally accept as

9   true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  The court

10  must also construe the alleged facts in the light most favorable to the plaintiff.  Love v. United

11  States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "courts are not bound to accept as true a

12  legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

13       Also, the court generally does not consider any material beyond the pleadings for a Rule

14  12(b)(6) analysis.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19

15  (9th Cir. 1990).  Exceptions to this rule include material submitted as part of the complaint or

16  relied upon in the complaint, and material subject to judicial notice.  See Lee v. City of Los

17  Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

18       **B.    Pro Se Pleadings**

19       Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be

20  construed liberally.  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  In doing so, the court

21  "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

22  every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord,

23  507 F.2d 501, 504 (9th Cir. 1974).  The court "should use common sense in interpreting the

24  frequently diffuse pleadings of pro se complainants." Id.  A pro se complaint should not be

25  dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in

26  support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521

27

28  Case No.: 5:15-cv-05492-EJD
    ORDER GRANTING DEFENDANT'S MOTION TO STRIKE, GRANTING DEFENDANTS'
    MOTIONS TO DISMISS

2

1    (1972).

2    **III.    DISCUSSION**

3        **A.    Plaintiff's Untimely Opposition Will be Stricken**

4            Plaintiff filed documents in opposition to the motions to dismiss on September 30, 2016.

5    Dkt. Nos. 53, 54.  Andrew Shin Law Firm moves to strike these documents as untimely.  This

6    argument is well-taken.

7            "District courts have the inherent power to strike items from their docket for litigation

8    conduct."  Ibrahim v. U.S. Dep't of Homeland Sec., Nos. 14-16161, 14-17272, 2016 U.S. App.

9    LEXIS 16007, at *38, 2016 WL 4527560 (9th Cir. Aug. 30, 2016).  Here, because the motions to

10   dismiss were not served electronically, Civil Local Rule 7-3(b) required that Plaintiff file any

11   opposition no later than September 23, 2016.  The documents Plaintiff filed on September 30,

12   2016, were therefore a week late, and Plaintiff did not convincingly explain why he could not

13   comply with the deadline promulgated by the Local Rules.  Under these circumstances, it is not

14   enough for Plaintiff to suggest an inability to access a computer from September 27th to October

15   1, 2016, because the opposition was already late on the earliest date of that period.

16           Consequently, Plaintiff has not established good cause for his untimely pleadings.  And

17   because Plaintiff's failure to comply with deadlines has continued even after the court issued a

18   warning in its previous dismissal order,[1] the motion to strike the opposition will be granted.

19       **B.    The Amended Complaint Fails to Satisfy the Applicable Pleading Standard**

20           As it did with the original complaint, the court has reviewed Plaintiff's amended pleading

21   in search of "sufficient allegations of underlying facts to give fair notice and to enable the

22   opposing party to defend itself effectively."  Eclectic Props. E., LLC v. Marcus & Millichap Co.,

23   751 F.3d 990, 996 (9th Cir. 2014).  Silicon Valley Crane and Andrew Shin Law Firm argue that

24

25   _____

26   [1]  Addressing this same issue, the court notified Plaintiff that "he is expected to abide by all
     procedural rules in the future including those imposing filing deadlines" and that "[f]uture non-
27   compliance may not be overlooked."  Dkt. No. 45.  Thereafter, Plaintiff failed to timely file an
     amended complaint, even with an extended deadline.  Dkt. Nos. 46, 48.

28   Case No.: 5:15-cv-05492-EJD
     ORDER GRANTING DEFENDANT'S MOTION TO STRIKE, GRANTING DEFENDANTS'
     MOTIONS TO DISMISS

United States District Court
Northern District of California

1  such allegations are still missing.  The court agrees.

2  Although it is not entirely clear, it appears Plaintiff has attempted to re-plead a claim for

3  employment discrimination under Title VII of the Civil Rights Act of 1964.  The court previously

4  explained that "[i]n order to establish a prima facie case of discrimination, a plaintiff must show

5  (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to

6  an adverse employment action; and (4) similarly situated individuals outside his protected class

7  were treated more favorably."  Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003).  But despite

8  this explanation, the content of the amended complaint fails to rectify the deficiency that required

9  dismissal of the original complaint.  To the extent any facts are discernable in the amended

10  complaint, they are still not presented in a manner that reveals their significance to the elements of

11  a Title VII claim.  Indeed, any analysis of a possible Title VII claim cannot proceed past the first

12  element since it is not apparent to which protected class Plaintiffs purports to belong.

13  The same can be said of any other claim Plaintiff has attempted to assert in the amended

14  complaint.  For example, some of that document's attachments suggest that Plaintiff has intended

15  to state causes of action under 42 U.S.C. § 1981.  "[T]o establish a § 1981 claim, the plaintiff must

16  prove intentional or purposeful discrimination."  DeHorney v. Bank of Am. Nat'l Trust & Sav.

17  Ass'n, 879 F.2d 459, 467 (9th Cir. 1989); Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S.

18  375, 391 (1982) ("§ 1981 . . . can only be violated by purposeful discrimination.").  Generally,

19  there are three elements that must be pled to state a claim under § 1981: "(1) the plaintiff is a

20  member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant;

21  and (3) the discrimination concerns one or more of the activities enumerated in the statute."  Keum

22  v. Virgin America Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011).  Much like a Title VII claim,

23  any analysis of a purported § 1981 claim fails at the first element because the court cannot locate

24  an allegation identifying Plaintiff as a racial minority.

25  On a more fundamental level, Plaintiff's style of pleading still consists of incoherent,

26  stream-of-consciousness laced sentences and phrases that impede a review of the amended

1  complaint on its substance.  Even if examined with liberality, the document falls far short of

2  providing fair notice of the claims and alleging enough facts to state the elements of each claim

3  plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649

4  (9th Cir. 1984).  And considering the state of all of Plaintiff's pleadings thus far, the court

5  concludes that Plaintiff will never satisfy that standard, even as to the new claims and new

6  defendants included in the amended complaint.

7          Accordingly, because Plaintiff has again failed to allege sufficient facts to raise or present

8  a cognizable legal theory, and because the amended complaint is, like its predecessor, confusing

9  and rambling, the motions to dismiss will be granted and all of Plaintiffs claims will be dismissed.

10 See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); McHenry v. Renne, 84

11 F.3d 1172, 1180 (9th Cir. 1996).  This dismissal will be without leave to amend because

12 permitting further amendment would be futile.  Hartmann v. Cal. Dep't of Corr. & Rehab., 707

13 F.3d 1114, 1129-30 (9th Cir. 2013); Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532

14 (9th Cir. 2008).

**IV.    ORDER**

16         Based on the foregoing, the motion to strike (Dkt. No. 55) is GRANTED.  Plaintiff's

17 opposition and the supporting documents (Dkt. Nos. 53, 54) is STRICKEN.

18         The motions to dismiss (Dkt. Nos. 49, 50) are also GRANTED, and the amended

19 complaint is DISMISSED WITHOUT LEAVE TO AMEND.

20         The hearing scheduled for October 20, 2016, is VACATED.  Judgment will be entered in

21 favor of Defendants and the Clerk shall close this file.

22

23         **IT IS SO ORDERED.**

24 Dated:  October 7, 2016

25                                                    _____

26                                                    EDWARD J. DAVILA
                                                     United States District Judge

27

5

28 Case No.: 5:15-cv-05492-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STRIKE, GRANTING DEFENDANTS'
MOTIONS TO DISMISS

United States District Court
Northern District of California